IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JKC Michaels LLC, | ) | |
|    Plaintiff, | ) | |
| | ) | |
|   -vs- | ) | |
| | ) | Case No. 3:06-cv-54 |
| KTJ Limited Partnership Eighty-Four, a | ) | |
| Minnesota Limited Partnership; Oppidan, | ) | |
| Inc., a Minnesota Corporation; and JVC | ) | **ORDER ON KTJ LIMITED** |
| Builders, Inc., | ) | **PARTNERSHIP EIGHTY-FOUR AND** |
|    Defendants. | ) | **OPPIDAN'S AMENDED MOTION FOR** |
| | ) | **COSTS AGAINST PLAINTIFF** |
| | ) | |
| KTJ Limited Partnership Eighty-Four, a | ) | |
| Minnesota Limited Partnership; Oppidan, | ) | |
| Inc., a Minnesota Corporation, | ) | |
| | ) | |
|    Cross-Claim Plaintiffs, | ) | |
| | ) | |
|   -vs- | ) | |
| | ) | |
| JVC Builders, Inc., | ) | |
| | ) | |
|    Cross-Claim Defendant. | ) | |
| | ) | |
| | ) | |
| JVC Builders, Inc.; and KTJ Limited | ) | |
| Partnership Eighty-Four, a Minnesota | ) | |
| Limited Partnership; Oppidan, Inc., a | ) | |
| Minnesota Corporation, | ) | |
| | ) | |
|    Third-Party Plaintiffs, | ) | |
| | ) | |
|   -vs- | ) | |
| | ) | |
| Asplin Excavating, Inc., a North Dakota | ) | |
| Corporation; Braun Intertec Corporation, a | ) | |
| Minnesota Corporation; Laney's, Inc., a | ) | |
| North Dakota Corporation; and Roers | ) | |
| Construction, Inc., a North Dakota | ) | |
| Corporation, | ) | |
|    Third-Party Defendants. | ) | |

Before the Court is Defendant KTJ Limited Partnership Eighty-Four and Oppidan, Inc.'s (hereinafter "KTJ/Oppidan") motion and amended motion for taxation of costs against Plaintiff (Docs. #186, 189). Plaintiff objects to taxation of the deposition transcripts, arguing they were unnecessary for use in the case since resolution of the cross-summary judgment motions was based upon interpretation of the purchase agreement. Plaintiff also contends the amended motion is untimely. For the reasons set forth below, KTJ/Oppidan's amended motion is **GRANTED, IN PART,** and **DENIED, IN PART**.

## ARGUMENT AND ANALYSIS

### 1. Timeliness of Motion

Plaintiff argues KTJ/Oppidan filed their amended motion for costs after the 14-day deadline set forth in Local Rule 54.1(A)(1). (Doc. #192, p. 2). By way of background, the Court notes KTJ/Oppidan sought to recover attorney's fees and costs as part of their motion for summary judgment. (Doc. #91). However, the Court did not rule on the request at that time as there was no supporting documentation regarding either attorney's fees or costs. Judgment was entered on March 16, 2009. (Doc. #183). On this same day, Plaintiff filed a motion for a hearing regarding the issue of attorney's fees. (Doc. #184).

On March 31, 2009, KTJ/Oppidan filed their statement of costs, which was later amended on April 13, 2009. Local Rule 6.1 states that the three-day mailing rule applies whether service is accomplished by mail, hand delivery, or electronic filing. Only fifteen days elapsed from the date the judgment was entered until KTJ/Oppidan filed their motion for costs with supporting documentation. The amended motion and supporting statement of costs does nothing more than correct the amount of fees paid for deposition transcripts. The Court finds

KTJ/Oppidan's motion for costs was timely and Plaintiff has not been prejudiced by the filing of the amended motion correcting the fees for certain deposition transcripts.

### 2.     Award of Costs

KTJ/Oppidan submitted an amended bill of costs as follows:

| | |
|---|---|
| Clerk and Marshal Fees: | $   138.00 |
| Court Reporter Fees: | $ 5,061.75 |
| Printing and Witness Fees: | $   145.80 |
| **TOTAL:** | $ 5,345.55 |

Rule 54(d), Fed. R. Civ. P., provides that costs are awarded to a prevailing party as a matter of course, unless the Court directs otherwise.  Thus, Rule 54(d) give the district court discretion to decline to tax costs.  Brisco-Wade v. Carnahan, 297 F.3d 781, 783 (8th Cir. 2002).  Under 28 U.S.C. § 1920, a district court may tax in the judgment the following costs:  fees of the clerk and marshal, fees for recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for making copies of materials necessarily obtained for use in the case, docket fees, and compensation of court appointed experts and interpreters.  The district court has substantial discretion in awarding costs.  168th and Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 957 (8th Cir. 2007).

### A.     Clerk and Marshal Fees

KTJ/Oppidan seek to recover fees charged by the Cass County Sheriff, Clay County Sheriff, and Major Legal Professional Process Servers.  Plaintiff does not object to the taxation of these costs.  The Court finds that taxation of costs in the amount of $138.00 for service fees is permissible under 28 U.S.C. § 1920(1), and awards these costs to KTJ/Oppidan.  Accordingly, KTJ/Oppidan's amended motion for costs is **GRANTED** with regard to the service fees.

### B. Deposition Transcript Fees

A district court may tax as costs court reporters' fees for transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Further, the costs of copying a deposition transcript necessarily obtained for use in the case may also be recovered pursuant to 28 U.S.C. § 1920(4).

Courts have not been uniform on when the expenses of a deposition should be taxed as costs. Compare Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985) (depositions introduced in evidence or used at trial are taxable as costs), with Allen v. United States Steel Corp., 665 F.2d 689, 697 (5th Cir. 1982) (reporting fees for all six plaintiffs' depositions were taxable, even though only two of the six depositions were used at trial). The Eighth Circuit has explained that a district court may tax transcription costs if a deposition was necessary for use in a case and not purely investigative. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006). The determination of necessity is to be made in light of the facts known at the time the deposition was taken, without regard to intervening developments that later render the deposition unneeded for further use. Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). Likewise, the cost of a deposition transcript copy may be recovered if it was reasonably necessary for use in the case. See Slagenweit v. Slagenweit, 63 F.3d 719, 721 (8th Cir. 1995) (allowing as costs fees for copies of deposition transcripts).

Applying these principles to this case, the Court finds that resolution of the dispute between KTJ/Oppidan and Plaintiff was based solely on contract interpretation. The deposition transcripts submitted to the Court and/or relied on by the parties were useful only for context. The Court did not rely on any of the depositions when it ruled on the summary judgment motion. The Court finds the depositions were not "necessary," and therefore, declines to tax deposition

costs.  See Hibbs v. K-Mart Corp., 870 F.2d 435, 443 (8th Cir. 1989) (concluding it was not an abuse of discretion to refuse to tax costs requested under 28 U.S.C. § 1920).  KTJ/Oppidan's amended motion for costs is **DENIED** with regard to the requested deposition costs.

### C. Printing and Witness Fees

KTJ/Oppidan seek to recover expert fees in the amount of $145.80.  Plaintiff does not object to the taxation of these costs.  The Court finds that taxation of costs in the amount of $145.80 for witness fees is permissible under 28 U.S.C. § 1920(3), and awards these fees to KTJ/Oppidan.  KTJ/Oppidan's amended motion for costs is **GRANTED** with regard to the requested expert fees.

### CONCLUSION

The Court hereby awards to KTJ/Oppidan $138.00 for service fees and $145.80 for expert fees, for a total amount of $283.80.

**IT IS SO ORDERED.**

Dated this 19th day of June, 2009.

> */s/* Ralph R. Erickson
> Ralph R. Erickson, District Judge
> United States District Court